JUDGE HARDIN
delivered the opihtoht oe the court.
The appellant, James M. Stamper, having been indicted, tried, and convicted of the offense of maliciously shooting and wounding Henry Rangee, with intent to kill him, and sentenced to the penitentiary for a term of two years, has appealed to this court for a reversal of the judgment.
The charge in the indictment is appropriately made under section 2, article 6, chapter 28, of the Revised Statutes, which declares that “if any person shall willfully and maliciously shoot at and wound another, with an intention to kill him, so that he does not die thereby, ... he shall be confined in the penitentiary not less than one nor more than five years.”
But the statute fails to provide that persons guilty of aiding and abetting in the commission of the offense above defined shall be punished in like manner as the principal offender, unless the statute should be so construed as to embrace them by implication.
It appears from the evidence that a man named Wells and an accomplice, supposed to have been the appellant, burglariously entered the house of Dolphin Rangee, the father of said Henry, for the purpose of committing robbery; and resistance being made by the two Rangees, Henry Rangee was shot and wounded by one of the assailants, and Wells was killed by Dolphin Rangee.
Among other instructions given to the jury at the instance of the attorney for the commonwealth, and to which the defendant excepted, was the following: “If the jury believe from the evidence that the defendant, by himself or in company with others, before the finding of this indictment, in Bath *614 County, went to the house of the Rangees with intent to rob them, or either of them, of their money or property, and in carrying out that intention the defendant, or another so accompanying, shot and wounded Henry Rangee with a pistol with intent to kill said Henry Rangee, they must find the defendant guilty, and ascertain and determine how long he must be confined in the penitentiary of the commonwealth, not less than one year and not more than five years.”
"Whether the court did or not err in giving this instruction is the principal and most important question presented for our determination.
As a general rule, where a statute creates a felony and prescribes a particular punishment' therefor, or where a statute provides a punishment for a common law felony by name, those who were present, aiding and abetting in the commission of the crime, are held to be included by the statute, although not mentioned as such in the statute. But where, as in this case, the punishment is imposed by the statute upon the person alone who actually committed the acts constituting the offense, and not in general terms upon those who were guilty of the offense, according to common law rules mere aiders and abettors, will not be deemed to be within the act. (Roscoe’s Criminal Evidence, 215.)
Applying these tests, as we must, in the construction of the statute in this case, the instruction under consideration, in effect authorizing the jury to convict the defendant upon proof of his guilt as an abettor merely, though not the actual perpetrator of the deed alleged in the indictment, was, in our opinion, erroneous; and the judgment must for that cause be reversed.
The first instruction asked by the defendant and rejected by the court seems to be substantially correct, except that it involved an exclusion of the right to convict the defendant of a lower degree of the same offense alleged in the indictment; *615 but for that reason there jvas no error in refusing it (Criminal Code, sections 258, 259); nor is any other available error perceived in the record except the one already indicated.
Wherefore the judgment is reversed, and the cause remanded for a new trial and other proceedings not inconsistent with this opinion.