JUDGE LINDSAY
delivered the opinion op the court.
This court, in the case of Stamper v. The Commonwealth (7 Bush, 612), held that under the provisions of section 2, article 6, chapter 28, Revised Statutes, which declares that “ if any person shall willfully and maliciously shoot at and wound another with an intention to kill him, so that he does not die thereby, ... he shall be confined in the penitentiary not less than one nor more than five years,” a party who was merely present aiding and abetting in the com *623 mission of the crime did not come within the provisions of the statute, and could not be punished in the manner therein prescribed.
By the General Statutes, which were adopted subsequent to this adjudication, this statute, without even a material change of the phraseology, was continued in force. (General Statutes, sec. 2, art. 6, chap. 29.) This was a significant indication by the legislature that it intended that the new statute should receive the construction theretofore given to the old; and this intention is made the more manifest and unmistakable by the fact that in the General Statutes, by an extension of or addition to the said section, provision was made for the punishment of persons “who shall counsel, aid; or abet in the commission of any of the offenses named,” which punishment consists of fine and imprisonment in the county jail, one or both.
It results therefore that it was error in the court below to instruct the jury that if appellant confederated and engaged with other persons for the purpose and with the design of committing unlawfully and maliciously the crime of shooting and wounding with intent to kill any person, and that while so confederated and engaged in company with that design they, or either of them, while appellant was present or near enough to give immediate assistance to those actually acting, if necessary, did shoot and wound Burdett, etc., with intent to kill, then he should be confined in the penitentiary, etc.
Appellant was not indicted for conspiring with other persons to commit a felony, and can not be punished under the statute providing for the punishment of persons so conspiring. He may have confederated with other persons to maliciously shoot and wound one or all the persons named in the indictment; but if he did not actually do the shooting, he can be convicted only as one who counseled, aided, or abetted the person or persons who did commit the principal offense or offenses.
*624 For the error in thus instructing the jury the judgment of conviction must be reversed. We perceive no other error in the proceedings in the circuit court.
The cause is remanded for a new trial upon principles not inconsistent with this opinion.