| 3r | 605 |
| 87 | 38 |

| 80 | 605 |
| 110 | 358 |

| 80 | 605 |
| d125 | 198 |

CASE 110—INDICTMENT—JANUARY 18, 1883.

# The Commonwealth v. Patrick, &c.

## APPEAL FROM MAGOFFIN CIRCUIT COURT.

1. The indictment against appellees is under *section 2, article 6, chapter 29, General Statutes.*

2. It provides that if any person shall willfully and maliciously shoot at and wound another with an intention to kill him, so that he does not die thereby, &c., &c.

3. Each act of shooting is a distinct offense, and if it is not a physical impossibility for two persons to jointly commit the same act with the same weapon, fired by both at the same time, it would be so

absurd that we can hardly presume the legislature intended to guard against it.

·4. Conspiring and confederating to commit the offense is not punishable under the statute, inasmuch as there is no express provision in regard to it.

·5. Both cannot be indicted as principals, nor can either be indicted as an aider and abettor until the other is charged with commission of the felony.

P. W. HARDIN, ATTORNEY GENERAL, AND P. G. KENNER FOR APPELLANT.

No brief.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Section 2, art. 6, chap. 29, General Statutes, under which the two defendants were indicted in this case, provides that "if any person shall willfully and maliciously shoot at and .wound another with an intention to kill him, so that he does not die thereby, . . . . . . he shall be confined in the penitentiary not less than one nor more than five years ; and any one who shall counsel, aid, or abet in the commission of any of the offenses named in this section shall be fined not exceeding five hundred dollars, or confined in the jail not less than six nor more than twelve months, or both, in the discretion of the jury."

The offenses, as charged in the indictment, are, that Amos Patrick and Wiley C. Patrick did willfully and maliciously shoot at and wound Joseph Dyer with a pistol, loaded with powder and ball, with an intention to kill him; but he did not die, and that each of them was present, and did aid and. abet, advise and encourage the other, and they also con-.spired together to commit the offense.

This court, in the case of Stamper v. The Commonwealth, 7 Bush, 612, said that "where the punishment is imposed by the statute upon the person alone who actually committed the acts constituting the offense, and not in general

The Commonwealth v. Patrick, &c.

terms upon those who were guilty of the offense according to common law rules, mere aiders and abettors, will not be deemed to be within the act;" and as no provision, in express terms, was then made in the Revised Statutes for the punishment of aiders and abettors, an indictment would not lie for aiding and abetting in the commission of the offense.

Subsequently, an addition was made in the General Statutes to the section as it was in the Revised Statutes, providing for the punishment of aiders and abettors. But this court, in the case of Bland v. The Commonwealth, 10 Bush, 622, adhering to the interpretation previously given, decided that, as there was no express provision against persons conspiring and confederating to commit the offense, they could not be indicted therefor.

Besides the charge of conspiring and confederating to commit the offense, not punishable at all under the statute, the charge of committing the principal offense, and of also aiding and abetting, is made in the indictment against each of the defendants.

Each act of shooting at and wounding is a distinct offense, and if it is not quite a physical impossibility for two persons to jointly commit the same act with the same gun or pistol, fired by both at the same time, it would be so absurd for two persons to thus act, that we cannot assume the legislature intended to provide against it.

One of them, but only one, may have committed the single act of shooting at and wounding charged in the indictment, and be punishable for the felony, and the other may have been guilty of aiding and abetting, and be punishable for the misdemeanor; but both cannot be indicted as principals, nor can either be indicted as an aider and

abettor until the other is charged with the commission of the felony.

Giving to the statute a rational construction, and such as its language obviously requires, we are of the opinion the indictment is defective in charging both with an act which but one of them committed, and in failing to designate the particular one who did commit it.

Wherefore, the judgment of the lower court sustaining the demurrer to the indictment must be affirmed.