# DECISIONS

# COURT OF APPEALS OF KENTUCKY.

## SEPTEMBER TERM, 1891.

CASE 1—INDICTMENT—SEPTEMBER 10.

## Benge v. Commonwealth.

APPEAL FROM CLAY CIRCUIT COURT.

| | |
|---|---|
| 92 | 1 |
| 97 | 497 |

| | |
|---|---|
| 92 | 1 |
| 110 | 359 |

| | |
|---|---|
| 92 | 1 |
| 124 | 364 |

| | |
|---|---|
| 92 | 1 |
| f125 | 132 |
| 125 | 198 |

1. AIDERS AND ABETTORS.—When two persons are jointly indicted for murder, one as principal and the other as aider and abettor, the one charged as principal may be found guilty of aiding and abetting, and the one charged as aider and abettor may be found guilty as principal, each being criminally responsible for the act of the other as well as for his own act.

2. To ENTITLE THE DEFENDANT TO A CONTINUANCE on account of the absence of witnesses, his affidavit must state what steps have been taken to procure the attendance of the witnesses, and that they are within the jurisdiction of the court, and must further state that the affiant believes that the facts which he alleges he can prove by them are true.

J. T. HAYS, A. W. BAKER FOR APPELLANT.

1. The court erred in refusing a continuance. The accused has the right to meet the witnesses face to face. (Bill of Rights, section 12.)

2. If appellant was an accessory, the Commonwealth could not have a conviction until the guilt of the principal was first established. (Gen. Stats., chap. 29, art. 1, sec. 10; Tully v. Commonwealth, 11 Bush, 158; Mulligan v. Commonwealth, 84 Ky., 229.)

3. The indictment is not good. Mere conclusions and not facts are stated. It is essential to a good indictment that it should state, in ordinary and concise language, the acts constituting the offense. (White v.

Benge v. Commonwealth.

Commonwealth, 9 Bush, 178; Commonwealth v. Perrigo, 3 Met., 5; Mulligan v. Commonwealth, 84 Ky., 229; Conner v. Commonwealth, 13 Bush, 714; Furnish v. Commonwealth, 14 Bush, 180; Criminal Code, sec. 121; Bishop on Criminal Procedure, sec. 277.)

4. The appellant, being indicted as aider and abettor, can not be convicted as principal.

WM. J. HENDRICK, Attorney General.

1. Appellant was not prejudiced by the refusal to grant a continuance, as the facts he states in his affidavit he can prove by his absent witnesses were proved by him upon the trial by other witnesses.

2. Conceding that there can be no conviction of an accessory until the guilt of the principal has been shown, the guilt of the principal in this case is shown with reasonable clearness.

3. The evidence was sufficient to authorize appellant's conviction as principal.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant and Jerry Hampton and others were indicted for the murder of Joseph Bowling by cutting him with a knife—Jerry Hampton being the actual perpetrator of the deed, and the appellant and others being aiders and abettors. It appears from positive and uncontradicted proof that, while Jerry Hampton and another were engaged in a difficulty with each other, the appellant and Matison Benge, without any provocation or excuse whatever, stabbed and killed Joseph Bowling, an unoffending and unresisting person.

The court instructed the jury that they could find the appellant guilty as the actual perpetrator of the deed, notwithstanding he was indicted as aider and abettor only. The appellant complains of this instruction upon the ground that one indicted as aider and abettor only, can not be convicted as the actual perpetrator of the deed. This contention is a mistaken view of the law. It is based upon the theory that the actual perpetrator of the deed and the aider and abettor are

separate offenders in legal contemplation, and the one
can not be convicted of the crime committed by the
other. But this, as said, is a mistake. There is but
the one crime charged—that of murder by all the de-
fendants. It is true the prosecution goes upon the theory
that the appellant and Jerry Hampton committed differ-
ent parts of the crime; the appellant committing a de-
pendent part, which was not criminal, unless the deed
itself was actually perpetrated. But, nevertheless, there
is in law but one crime charged, and the separate parts
performed by each constitute, in legal contemplation, the
joint act of all. Each is the agent and instrument of the
other. Hence each, although performing different parts,
the aider's and abettor's being a dependent part, is, in law,
a principal, and is criminally responsible for the act of
the other, as well as for his own act. The one charged
as principal may be found guilty of aiding and abetting;
and the one charged as aider and abettor may be found
guilty as principal. This is for the reason that each is
the agent and instrument of the other, and his act is the
act of the other, and the act of each constitutes but one
crime, and each is guilty of the act actually committed by
the other; such act is, in law, the act of each. Hence,
each is principal as to each act, although he did not
actually perpetrate each act; but the act that the other
perpetrated was his act, and he is principal as to it.
Now the actual perpetrator of the deed being the agent
and instrument of the aider and abettor for which the
latter is criminally responsible, it follows that he is
equally responsible, under the indictment, if he actually
perpetrated the deed, instead of the person charged in
the indictment to have done so, although he is indicted

as aider and abettor only.   (See State v. Putman, 18 S. C., 175; same case, 44 Am. Rep., 571; State v. Ross, 29 Mo., 37–40.)

The Criminal Code, sec. 122, provides: " The indictment must contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."   Here the indictment charges in ordinary and concise language the part that the principal and aider and abettor took in the murder; and as each, in law, was principal and could be convicted under the indictment for doing the acts that the indictment imputed to the other, the indictment is sufficient to authorize the conviction.

The indictment in the case of Mulligan v. The Commonwealth, 84 Ky., 229, charging one as aider and abettor, but not charging who was the principal, &c., was held not sufficient.   But here the principal and his supposed acts are charged in the indictment, and the law makes them the acts of the appellant; but it turns out that the appellant was the actual perpetrator instead of the alleged perpetrator; but he is not misled by the failure of proof as to the alleged perpetrator, because he, according to the proof, has done with his own hand what he, in legal contemplation, is charged with having done by the hand of another.

The affidavit for a continuance is defective: First, in not showing what steps had been taken to procure the attendance of the witnesses; and that they were within the jurisdiction of the court.   Second, in not stating that the appellant believed their alleged testimony was true.

The judgment is affirmed.