## Commonwealth v. Lawson, et al.

(Decided May 26, 1915.)

### Appeal from Lee Circuit Court.

1. Criminal Law—Accessories.—In all felonies, accessories before the fact are liable to the same punishment as principals, and may be prosecuted jointly with principals, or severally, though the principals be not taken, or tried.

2. Indictment—When Not Bad for Duplicity.—An indictment which charged two persons with having maliciously wounded a third person with the intention of killing him, is not bad for duplicity; it charges only one offense, the malicious wounding of the third person by the two defendants in one transaction.

JAMES GARNETT, Attorney General, for appellant.

SUTTON & HURST for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing.

The Commonwealth prosecutes this appeal from a judgment of the circuit court which sustained a demurrer to the following indictment:

"The grand jury of Lee County, in the name and by the authority of the Commonwealth of Kentucky, accuse Shelby Lawson and Wm. Lawson of the crime of malicious shooting and wounding with intent to kill, committed as follows, to-wit:

"The said Shelby Lawson and Wm. Lawson on the 10th day of April, 1914, in the county and circuit aforesaid, did unlawfully, willfully and maliciously, feloniously, and with malice aforethought shoot at and wound Walker Barrett with guns and pistols loaded with powder, lead and ball and hard and explosive substances, with the intention to kill the said Walker Barrett, but from said shooting and wounding the said Walker Barrett did not die.

"Contrary to the form of the statute in such case made and provided and against the peace and dignity of the Commonwealth of Kentucky."

The indictment was returned under section 1166 of the Kentucky Statutes, which reads as follows:

"If any person shall willfully and maliciously shoot at another without wounding (or shoot at or into any railroad passenger coach or steamboat occupied by any employe, passenger or other person or persons, or cast at or into the same a stone or other dangerous or deadly missile, or draw or present a pistol with intent to willfully and maliciously shoot in a railway passenger coach or steamboat occupied by any employe, passenger or other person or persons), or shoot at and wound another with the intention to kill him, so that he does not die thereby, or shall wound a person other than the person shot at, so that he does not die thereby, with a gun, or other instrument loaded with leaden bullet or other substance, or shall willfully and maliciously cut, strike or stab another with a knife, sword or other deadly weapon, with intention to kill, if the person so stabbed, cut or bruised die not thereby, or shall willfully and maliciously administer poison, or attempt to poison or administer poison to another, if death do not ensue in consequence thereof, he, and any person who aided, counselled or advised or encouraged him, shall be confined in the penitentiary not less than one nor more than five years."

As a matter of fact, we understand that each defendant shot and wounded Barrett; one shooting him before he fell, and the other after he had fallen. And we are further advised that the court, as a matter of law, held that both defendants could not be indicted as principals in the same indictment.

This is the only question presented upon this appeal.

Section 1128 of the Kentucky Statutes, providing for the punishment of accessories before the fact, reads as follows:

"In all felonies, accessories before the fact shall be liable to the same punishment as principals, and may be prosecuted jointly with principals, or severally, though the principals be not taken or tried, unless otherwise provided in this chapter."

It is evident that the demurrer to the indictment was sustained upon the authority of Commonwealth v. Patrick, 80 Ky., 605.

In that case, Amos Patrick and Wiley C. Patrick were jointly indicted for the same offense for which the Lawsons are indicted in this case, that is, for having willfully and maliciously shot and wounded Joseph Dyer

with a pistol with an intention to kill him, but that he did not die, and that each of them was present aiding and abetting the other, and that they also conspired together to commit the offense.

In affirming the judgment of the circuit court which sustained a demurrer to the indictment in that case, the court said:

"Each act of shooting at and wounding is a distinct offense, and if it is not quite a physical impossibility for two persons to jointly commit the same act with the same gun or pistol, fired by both at the same time, it would be so absurd for two persons to thus act, that we cannot assume the legislature intended to provide against it.

"One of them, but only one, may have committed the single act of shooting at and wounding charged in the indictment, and be punishable for the felony, and the other may have been guilty of aiding and abetting, and be punishable for the misdemeanor; but both cannot be indicted as principals, nor can either be indicted as an aider and abettor until the other is charged with the commission of the felony."

It will be seen that the court there held the indictment was defective because it charged both defendants with an act which but one of them committed, and in failing to designate the particular one which committed the crime.

While the ruling in Commonwealth v. Patrick, *supra*, has never been expressly overruled, it has, nevertheless, been distinguished by showing that our present statute in reference to aiders and abettors is radically different from the statute upon that subject in force in 1882, when the Patrick case was tried.

In Greenwell v. Commonwealth, 125 Ky., 192, the indictment was likewise found under section 1166 of the Kentucky Statutes, and jointly charged Charles Greenwell, Webb Greenwell and Russell Greenwell with having maliciously shot and wounded Overton Newton, with the intent to kill him. The indictment contained four counts. The first count charged the three defendants with shooting and wounding Newton with a pistol, and striking and wounding him with a shot gun, and striking and stabbing him with a knife with the intent to kill him. The second count charged that Webb Greenwell shot Newton with a pistol with intent to kill him, and that Charles and Russell Greenwell were present aiding,

abetting and assisting him therein. In the third count it was charged that Charles Greenwell willfully and maliciously struck and beat Newton with a shot gun with intent to kill him, and that Webb and Russell Greenwell were present aiding, abetting and assisting him therein. By the fourth count Russell Greenwell was charged with having willfully and maliciously cut Newton with a knife with intent to kill him, and that Charles Greenwell and Webb Greenwell were present aiding, abetting and assisting him therein.

In sustaining the indictment, the court said:

"The indictment is not bad for duplicity. It only charges one offense, the malicious wounding of Overton Newton by the three defendants in one transaction. The offense is charged to be committed in different ways, but it is one offense. The offense is the malicious wounding of Overton Newton by the three defendants with intent to kill him; and whether it was done with a knife, a pistol, or a gun, each being a deadly weapon, it falls within the statute. The thing the statute punishes is the malicious attempt to kill with a deadly weapon, and it does not follow that two offenses would be committed if more than one person joined in the assault, or if more than one weapon was used. There would not be several offenses if several shots were fired from the same pistol, or several cuts were made with the same knife, or several blows were struck with the same deadly weapon, all in the same assault or transaction. The fact that two pistols were used instead of one would be immaterial, or that, instead of two pistols, a pistol and a knife were used. The transaction is the assault with intent to kill, and the different forms in which the intent to kill may have been attempted to be carried into effect do not change the character of the act, or make it susceptible of being split up into several different offenses. The statutory offense is committed where the crime would have been murder if death had resulted. Rapp v. Commonwealth, 14 B. Mon. (Ky.), 614. There is no reason that an instruction in a form sufficient for the greater should not be sufficient for the inchoate offense. The case falls within the rule laid down in Thompson v. Commonwealth, 1 Met. (Ky.), 13, and Commonwealth v. Lowe, 116 Ky., 335, 25 Ky. Law Rep., 534, 76 S. W., 119. The statute under which the case of Commonwealth v. Patrick, 80 Ky., 605, 4 Ky. Law Rep., 660, was decided, was materially different from the present statute. Under that statute the aider

and abettor was not punished as the principal. His offense was only a misdemeanor, but under the present statute he is punished as principal, and his offense is the same as the principal's. The decision in that case is therefore not authority under the present statute, and is not now applicable. Benge v. Commonwealth, 92 Ky., 1, 13 Ky. Law Rep., 308, 17 S. W., 146; Howard v. Commonwealth, 110 Ky., 358, 24 Ky. Law Rep., 91, 612, 61 S. W., 756.''

It will be noticed that the opinion in the Greenwell case was rested upon the fact that the statute under which the Patrick case was decided did not punish the aider and abettor as a principal. Under that statute the offense of the aider and abettor was only a misdemeanor. But, under the present statute, and the statute under which the Greenwell case was tried, the aider and abettor is punished the same as the principal, and his offense is the same as the principal's offense. It therefore follows that the Patrick case is not authority under the present statute.

To the same effect see Angel v. Commonwealth, 14 Ky. Law Rep., 10, 18 S. W., 849; Cupp v. Commonwealth, 87 Ky., 35; Saylor v. Commonwealth, 22 Ky. Law Rep., 472, 57 S. W., 614; Travis v. Commonwealth, 96 Ky., 77; Commonwealth v. Hargis, 124 Ky., 356; Reed v. Commonwealth, 125 Ky., 126.

If Barrett had died within a year and a day from the date of the shooting, and if appellees had been jointly indicted for murder, it is plain no valid objection could have been urged against the joint indictment. Such a procedure is often followed.

The first count in the Greenwell case presented substantially the same character of joinder as we have in the case before us; and, as this court held that the indictment in that case was not bad for duplicity, the same ruling is proper here. If the appellees desire separate trials they can have them by making a proper application therefor.

For the reasons above given, we are of opinion that the demurrer to the indictment was improperly sustained.

Judgment reversed, with instructions to the circuit court to overrule the demurrer to the indictment, and for further proceedings.