## Marie Adkins v. Commonwealth.

(Decided February 8, 1927.)

### Appeal from Harlan Circuit Court.

Criminal Law—Refusing Third Continuance or to Allow Affidavit as Depositions Held Not Error; Evidence Being Weak, Witnesses Without Jurisdiction, and Availability Not Appearing.—Denying motion for continuance and refusing to permit the affidavit to be read as depositions of absent witnesses held not abuse of discretion, where two continuances to secure the witnesses had been granted previously, and evidence of absent witnesses was of little probative value, and oral hearing on motion had disclosed that witnesses were without the jurisdiction of the court, and there was no showing that defendant had reasonable grounds to believe that the witnesses could be secured at a subsequent term.

G. J. JARVIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and J. P. CUSICK for appellee.

Opinion of the Court by Chief Justice Clay—Affirming.

This is an appeal from a judgment convicting appellant of manslaughter and fixing her punishment at twenty-one years' imprisonment.

According to the evidence of two witnesses who were in a taxi and stopped at the scene of the homicide just as the altercation arose, appellant met her husband, Howard Adkins, on the street in Lynch. After saying a few words she pulled a pistol from her pocket and shot him twice, when he fell on the sidewalk. While lying there she shot him twice more, all four bullets taking effect in his head. She then kicked him out into the street and threw his cap at him.

On the other hand, appellant's evidence was to the effect that she met her husband on the street and asked him where he had been. He replied that it was none of her damn business where he had been. After some argument her husband struck her twice with his hand. His gun then fell out of his belt and she grabbed it and shot him because she was "scared of him." Previous to that they had had no trouble.

The only ground on which a reversal is asked is that the court erred either in refusing a continuance or in

not permitting the affidavit to be read as the depositions of the absent witnesses. It appears that the case was set for trial on March 24th, 1925, and upon the filing of the affidavit for continuance the court postponed the trial until March 27th, in order to give the defendant an opportunity to procure the witnesses named in the affidavit. An oral hearing was then had on the motion for a continuance, and the court directed that additional process be issued and placed in the hands of an officer for execution. At the same time the trial was continued until April 2, 1925. When the case was called on that day it was again continued until August 8, 1925. When called for trial then, the motion for a continuance was renewed, and the continuance was denied on the ground that the absent witnesses were all beyond the jurisdiction of the court. As the evidence of the absent witnesses was of little probative value, and the oral hearing disclosed that they were without the jurisdiction of the court, and two continuances were granted in order to enable appellant to procure the attendance of the witnesses, and there was no showing that appellant had reasonable grounds to believe that their presence could be secured at a subsequent term, it is clear that the last continuance was asked solely for the purpose of delay, and that there was no abuse of discretion on the part of the court, either in refusing the continuance or in refusing to permit the affidavit to be read as the depositions of the absent witnesses. Benge v. Commonwealth, 92 Ky. 1, 17 S. W. 146; White v. Commonwealth, 80 Ky. 480, 4 Ky. Law Rep. 373.

A careful examination of the record discloses that the instructions were proper, that the court's rulings on the admission and rejection of evidence were correct, and that the verdict was fully supported by the evidence.

Judgment affirmed.