## Hogan v. Commonwealth.

(Decided October 1, 1929.)

JOHN H. GILLIAM for appellant.

J. W. CAMMACK, Attorney General, and GEORGE HUNT MITCHELL, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice McCandless—Affirming.

John Savage and Sam Hogan were indicted under section 1166, Ky. Statutes, and jointly tried, on the charge of maliciously striking and wounding Zona Goodbar with a deadly weapon. Both were convicted, and the punishment of each was fixed at confinement in the penitentiary for a period of two years. Hogan appeals.

For reversal it is insisted that the verdict is not sustained by the evidence, and that the court erred in its instructions. Considering these questions in their order:

The prosecuting witness states that on the night of the difficulty he was at home with his family, consisting of his wife and four children. He was preparing to retire between 10 and 11 o'clock p. m., and was sitting on the side of the bed, removing his shoes, when there was a knock at the door. His wife opened the door and invited the parties in. Sam Hogan and John Savage entered. John Savage had a smoothing iron in his hand. Sam Hogan asked witness, "Zona, what kind of lies is that you have been telling on me?" Witness denied that he had told any lies on Sam, who repeated the inquiry, and while they were quarreling Savage struck witness on the head with the smoothing iron rendering him unconscious. In this he is fully corroborated by his wife and two of the children who were present. His wife also testifies that she saw Savage and Hogan together earlier in the evening, and that Savage then had the smoothing iron and Hogan a pistol.

The defendant Savage admitted striking Goodbar twice with the smoothing iron. He says Goodbar, Hogan, and he were together in Welch's store earlier in the evening, and Goodbar invited them to attend a "narky" (alcohol) party at his home that evening. He went, but arrived too late. Goodbar invited him in, and after he entered the house Goodbar assaulted him with a knife. He was unarmed, but observed the smoothing iron on the floor, and picked it up, striking Goodbar twice with it in his self-defense. Hogan was present at Welch's store at the time Goodbar invited them to the "narky" party, but he had not seen him afterward, and he was not present with him at Goodbar's residence, and did not participate in any way in the difficulty. Goodbar was intoxicated.

Hogan testified that earlier in the evening Goodbar had invited him and Savage to the "narky" party, and that he and Goodbar had gone for some girls to attend the party, but instead of going to the party he and his girl went to church, and later to his mother's home, and that he was not in Goodbar's home at all on the evening of the difficulty. The evidence as to his alibi was corroborated by several witnesses. Also several witnesses deny that Goodbar was intoxicated at the time of the difficulty. It thus appears that there was conflicting evidence upon every point in issue, and under proper instructions it was for the jury to say which set of witnesses were to be believed. It has exercised that duty, and its verdict cannot be regarded as being flagrantly against the evidence, or such as to strike one at first blush as being the result of passion or prejudice. It therefore cannot be held that the verdict is not sustained by the evidence. Hudson v. Com., 227 Ky. 831, 14 S. W. (2d) 146; Picklesimer v. Com., 224 Ky. 381, 6 S. W. (2d) 457; Branham v. Com., 223 Ky. 233, 3 S. W. (2d) 629; Haynes v. Com., 194 Ky. 469, 239 S. W. 780; Kirk v. Com., 192 Ky. 460, 233 S. W. 1060; Wells v. Com., 195 Ky. 740, 243 S. W. 1015.

2. It is insisted that neither the indictment nor the evidence authorized the court to submit an instruction upon aiding and abetting, the one upon which it is evident appellant was convicted. The argument is that both defendants were indicted as principals, and, as neither was accused of being an aider or abettor, neither could be convicted therefor. In this respect counsel is in error. Section 1128, Ky. Stats., makes accessories before the fact liable to the same punishment as principals. Construing this statute, we have held in numerous cases that in a joint indictment for a felony either of the defendants may be convicted as principal or as aider and abettor. Com. v. Lawson, 165 Ky. 4, 176 S. W. 359; Greenwell v. Com., 125 Ky. 192, 100 S. W. 852, 30 Ky. Law Rep. 1282; McGehee v. Com., 181 Ky. 425, 205 S. W. 577; Reed v. Com., 125 Ky. 126, 100 S. W. 856, 30 Ky. Law Rep. 1212; Roberson's Criminal Law (2d Ed.) sec. 186.

Wherefore, perceiving no error, the judgment is affirmed.