## Short v. Commonwealth.

(Decided October 13, 1931.)

478

J. W. McKENZIE for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, John Short, seeks the reversal of a judgment convicting him of maliciously shooting at another with intent to kill, and fixing his punishment at two years' imprisonment.

The record discloses that appellant and Turner Kirk, who was jointly indicted with him, were brothers-in-law of the prosecuting witness, John Brown, and that for some time there had been bad feeling between them and Brown. According to Brown, he was at his home about midnight of June 14, 1930, when he and his sons, Matthew and Clyde Brown, were awakened by men talking in front of their house. These men proceeded down the road to the home of a neighbor, Ad Kirk, and called to him. After talking with Ad Kirk, they returned to

the home of John Brown and made a search of his cellar and outbuildings. After that they opened fire upon his house, using two weapons. It was a bright moonlight night, and he could see, and hear the voices of, the men who did the shooting, and he identified them as being appellant and Turner Kirk. At the time some of the shots were fired he was in a position where he could be seen by appellant and Kirk, and one of the shots struck near him. On the other hand, appellant denied that he or Kirk shot at Brown or his home, but testified that on the night in question Turner Kirk was spending the night at his house, and that some one fired into his house. After that he and Kirk armed themselves with guns and pistols, and started in search of the persons who had shot into the house. They proceeded past the house of the prosecuting witness and then to the home of an officer nearby for the purpose of procuring aid. Under this evidence, there can be no doubt that appellant's guilt was a question for the jury.

The first ground urged for reversal is that the trial court erred in not sustaining the demurrer to the indictment. The basis of this contention is that the indictment charged that the offense was committed jointly by appellant and Turner Kirk, when in the very nature of things the offense was such that it could have been committed by only one of them. It is true that this court, in the case of Commonwealth v. Patrick, 80 Ky. 605, took this view of the question, but, as has since been pointed out, the statute in force at the time that opinion was written is radically different from section 1128, Kentucky Statutes, which provides that in all felonies accessories before the fact shall be liable to the same punishment as principals, and may be prosecuted jointly with principals, etc. It was further pointed out that under that section the aider and abettor could be punished the same as the principal, and that an indictment under section 1166, Kentucky Statutes, was good, although it charged both defendants with an act which but one of them committed. Commonwealth v. Lawson, 165 Ky. 4, 176 S. W. 359.

The further point is made that it was error to instruct on aiding and abetting, as no such charge was contained in the indictment. This question has been considered in a number of cases which declare that in a joint indictment for a felony either of the defendants may be

convicted as principal, or as aider and abettor, although the indictment contains no charge of aiding and abetting. McGhee v. Commonwealth, 181 Ky. 425, 205 S. W. 577; Hogan v. Commonwealth, 230 Ky. 680, 20 S. W. (2d) 710; Philpot v. Commonwealth, 236 Ky. 831, 34 S. W. (2d) 718. In view of this rule and the supporting evidence, it was proper to give an instruction authorizing appellant's conviction, not only as principal, but as aider and abettor of Turner Kirk. In the same connection it is argued that the instruction was erroneous, in that it employed the word "abet," which does not occur in the statute. Since, under the Code, the words in a statute defining an offense need not be strictly pursued in an indictment, but other words conveying the same meaning may be used, Criminal Code of Practice, sec. 136, there is no reason why the same rule should not apply to the instructions. The statute under which appellant was convicted uses the words "aided, counselled or advised or encouraged." Kentucky Statutes, sec. 1166. The instruction employs the words "aid, abet, advise, encourage, or assist." "To abet" is sometimes defined as "to command," "to procure," or "to counsel," Thompson v. State, 147 Ga. 745, 95 S. E. 292; sometimes as "to encourage, counsel, induce, or assist," Hines v. State, 16 Ga. App. 411, 85 S. E. 452, 454; and sometimes as to "assist, give aid," State v. Start, 65 Or. 178, 132 P. 512, 513, 46 L. R. A. (N. S.) 266. It is apparent from these definitions that the word "abet" has substantially the same meaning as other words employed in the statute, and that its use in the instruction could not have prejudiced appellant.

There is the further contention that the court either erred in not granting a continuance on account of the absence of Turner Kirk, appellant's codefendant, and Nora Kirk, or in refusing to permit the affidavits to be read as their depositions. After stating that Turner Kirk was absent, and giving the facts to which he would testify, the affidavit says "that he is jointly indicted with Turner Kirk, and that the said Turner Kirk is now confined in the Federal prison at Atlanta, Georgia, and will be so confined for approximately eight months." With respect to Turner Kirk, there was no showing of diligence. For aught that appears, appellant may have had abundant opportunity to take his deposition after he was convicted and before he was sent to prison. According to the affidavit, Nora Kirk, if present, would testify that she heard some shooting about John Short's home; that

in a few minutes the defendant John Short and Turner Kirk came to her home and inquired if she had heard any one go down the road, or if any one was there; that some one shot into his home, that is, Short's home; that she heard the shots, but no one was there, and that she heard some one go down the road in a car; and that neither John Short nor Turner Kirk was drinking at that time. It is at once apparent that all this may be true, and yet appellant and Turner Kirk may have been present and have fired into the Brown home. We are therefore persuaded that the evidence is so immaterial that the action of the trial court refusing the continuance and not permitting the affidavit to be read as the deposition of Nora Kirk was not prejudicial to appellant's substantial rights.

The court did not err in permitting the commonwealth to prove that appellant's reputation for truth and veracity was bad. Any witness may be impeached in that way, and, when the accused takes the stand and testifies on his own behalf, he occupies the same position as any other witness.

Lastly, it is insisted that appellant should have been granted a new trial because of newly discovered evidence. In support of this ground, appellant filed his affidavit to the effect that, since the verdict was rendered, he had discovered new and important evidence that he did not know of at the time of the trial; that he did not know that his general reputation for truth and veracity and general moral conduct was to be attacked by the commonwealth, and that it was a surprise to him. In support of this ground, he filed the affidavits of three witnesses to the effect that they were acquainted with his reputation for truth and veracity and general moral conduct in the community in which he lived, and it was good. Where the accused goes on the stand, he must do so with the expectation that his reputation for truth and veracity may be attacked by the commonwealth, and the fact that it is so attacked cannot be regarded as legal surprise. Evidence that certain witnesses would testify to appellant's good reputation may have been a genuine discovery, but the affidavit does not disclose that, prior or during the trial, he took any steps to procure such evidence. Not only so, but newly discovered evidence that the reputation of the accused for truth and veracity is good can hardly be classed with that kind of evidence requiring a new trial.

Judgment affirmed.