## OLIVER v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Vernon Faulkner, S. M. Ward, Hazard, for appellant.

J. D. Buckman, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Justice.

The question raised on this appeal is whether there was such a fatal variance between the offense charged and the evidence introduced that appellant was entitled to an instruction to find him not guilty.

An indictment was returned at the November term, 1952, of the Perry Circuit Court, accusing appellant of the crime of maliciously striking and wounding another with a deadly weapon with intent to kill, a crime denounced by KRS 435.170(2). A demurrer to the indictment having been overruled, appellant was tried, found guilty and sentenced to serve two years in the penitentiary.

The ground urged for reversal is based upon the narrow contention that, whereas the indictment recites that the act was perpetrated with a deadly weapon, namely, a shotgun, the proof established the fact that a .22 caliber rifle was employed in the assault. As a consequence, appellant argues he was misled to his prejudice by the language of the indictment, because he claims it failed to impart to him knowledge of the particular offense charged and the manner of its commission.

In a case like the one before us the offense is the malicious wounding and striking of another with intent to kill and whether it is accomplished with a shotgun or a .22 caliber rifle, each being a deadly weapon when used as a club, it falls within the statute. The different forms in which the assault in question may have been done does not change the character of the act, so long as the instrument used is of a deadly nature. The crime the statute punishes is the malicious attempt to kill with a deadly weapon, and it does not follow that two offenses would be committed if more than one or a different weapon was used. Campbell v. Commonwealth, 295 Ky. 511, 174 S.W.2d 778; Greenwell v. Commonwealth, 125 Ky. 192, 100 S.W. 852. After all, the court in its instructions followed the evidence and instructed the jury to believe before it could convict that the assault was with a .22 caliber rifle. We fail to under-

stand how appellant could have been prejudiced under the circumstances.

McBride v. Commonwealth, 13 Bush 337, and Carter v. Commonwealth, 76 S.W. 337, 25 Ky.Law Rep. 688, relied upon by appellant as controlling, are not analogous to the instant situation. In each of these cases the accused was charged with stealing property alleged to belong to one person and on his trial it developed the property he had stolen was owned by and in the possession of another. Obviously, the variance between the indictment and the proof was fatal in the two cases just mentioned. In the case at bar, it was immaterial, as we have shown, that the indictment charged the use of one type of deadly weapon in the assault when in reality another kind was employed.

Wherefore, the judgment is affirmed.