[No. 11969.   Department Two. — August 27, 1887.]

J. S. BOSTWICK, RESPONDENT, *v.* W. H. MAHONEY, APPELLANT.

PRACTICE — JURY — OBJECTION TO MANNER OF DRAWING — APPEAL. — An objection that the jury which tried an action was not drawn as provided in section 204 of the Code of Civil Procedure, and was not part of the regular jurors under section 210 of that code, will not be considered on appeal, when the record fails to contain any showing in support of the objection.

UNLAWFUL DETAINER — PAROL EVIDENCE OF TITLE. — In an action of unlawful detainer, parol evidence that the defendant held the legal title to the land in controversy, or was seised in fee, possessed, and entitled to the possession thereof, is inadmissible.

ID. — EVIDENCE — OFFER OF PROOF. — A general offer to prove by the parol evidence of a witness certain facts which could only be proved by record or documentary evidence is properly refused, although the offer also embraced other matters not objectionable.

APPEAL from an order of the Superior Court of Stanislaus County refusing a new trial.

The facts are stated in the opinion of the court.

*Stonesifer & Minor,* for Appellant.

*Carter, Smith & Keniston,* and *W. L. Dudley,* for Respondent.

McFARLAND, J.—This is an action of unlawful detainer. Verdict and judgment were for plaintiff, and defendant appeals from an order denying a motion for a new trial, — an appeal from the judgment having been dismissed.

Plaintiff proved a written lease of the premises, the expiration of the term, due notice and demand, and all other facts necessary to a recovery. Defendant's defense seemed to rest upon the theory that he could defeat the action by showing that the lease was intended to be a mortgage, but the only exceptions which appear in the very meager record go to certain specific rulings made by the court during the progress of the trial.

Appellant objected to the jury, upon the ground that the Superior Court of the county and the board of supervisors had not ordered and drawn jurors for the year, as provided in sections 204 et seq. of the Code of Civil Procedure, and that the jury in attendance was not part of the regular jurors under section 210 of said code. But as there is nothing whatever in the record to show that the jury was *not* what appellant claims it ought to have been, we are relieved from any further consideration of that point.

The second exception is to the ruling of the court in sustaining an objection to the following question asked of defendant when a witness for himself: "Will you state whether, on the ninth day of August, last year, you *held the legal title* to that property?" This would be a convenient and exceedingly expeditious way to prove legal title, but the methods by which courts arrive at such proof, though slower, are more satisfactory.

The third exception is to a ruling sustaining an objection to a long question to the same witness, or rather to an "offer to prove by this witness," which covers about two pages of the transcript, and commences in this way: "Then, to get ourselves on the record, we will offer to prove *by this witness* that he, defendant, was seised in fee,

possessed of, and entitled to the possession of the land in dispute here," etc. Many other things are offered to be proved " by this witness " which rest on record or documentary evidence; and the ruling of the court was obviously correct, although the offer may have contained some other things not objectionable. And it may be remarked that " an offer to prove " is a very loose and unsatisfactory method of proposing evidence. Unless the parties agree about it, it is much the better way to ask the proposed question of the witness, or to offer the document sought to be introduced.

There is a general exception to the charge of the court; but no error is pointed out, and the charge, which is short, seems to be entirely correct.

Order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.