[Crim. No. 579.  In Bank.—February 20, 1900.]

## THE PEOPLE, Respondent, v. E. H. ELLSWORTH, Appellant.

CRIMINAL LAW—HOMICIDE—INSANITY—EVIDENCE.—Upon the trial of a defendant charged with murder, where the sole defense is insanity, evidence of the declarations and acts of the defendant indicating that he was in fear of great peril of his life, not offered for the purpose of showing that he had any delusions upon that subject, are incompetent and immaterial to the issue of insanity.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial.  J. S. Beard, Judge.

The facts are stated in the opinion of the court.

Warren & Taylor, and Farraher & Fairchild, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of murder of the second degree, and appeals from the judgment and order denying his motion for a new trial.  The single question presented by this appeal arises upon a ruling of the court rejecting certain proposed evidence offered by the defendant.  The sole defense was insanity, and we must test the soundness of the court's ruling in view of that defense.

It was proposed to show by the evidence of the witness Shearer, an acquaintance, certain declarations and acts of de-

fendant. The questions asked the witness, and to which objections were sustained, are as follows: "1. Did he at that time state to you what to your mind showed that he was in great peril of his life? 2. What acts, if any, of the defendant were the acts of fear on his part—what did he do?" In this connection counsel for defendant stated that he proposed to show by the witness "that the defendant was that night in such a great fear, in fact in fear of his life, and he made such statements to this witness —that he was afraid of his life, and insisted that the witness accompany him to his home, stating that he was fearful they would take his life." It appears from the record that the trial court denied the admission of this evidence upon the ground that testimony as to acts and declarations of defendant was not admissible unless counsel also asked the witness his opinion of defendant's sanity or insanity, counsel for defendant at the time stating that he did not intend to ask questions of that kind of the witness. The reason which appears to have moved the court in denying answers to the foregoing questions is not legally sound. The trial court evidently rested its ruling upon section 1870 of the Code of Civil Procedure, which provides that evidence may be given of the "opinion of an intimate acquaintance respecting the mental sanity of the person, the reason for the opinion being given." This section alone refers to cases where opinion evidence may be given, and in no way purports to curtail the right of defendant to show his acts, declarations, etc., as evidence tending to prove his insanity. Whether or not those acts and declarations are simulated is a question of fact for the jury.

Notwithstanding objections to the aforesaid questions were sustained upon an erroneous view of the law, still the court is satisfied the objections were properly sustained and no error was committed. The grounds upon which the ruling of the court was based are immaterial, for the questions were objectionable from any and every standpoint of the record. Let us look at them for a moment in detail.

"1. Did he at that time state to you what to your mind showed that he was in great peril of his life?" The answer to such a question could in no possible degree shed any light upon the inquiry as to whether or not the defendant was insane at the

time he killed the deceased, or even insane at the time of the alleged conversation, which was some months prior to the killing. Whether or not defendant was in great peril of his life at the time he talked to the witness is wholly immaterial as to any question of insanity; and likewise whether or not he told the witness he was in great peril of his life at that time, or showed the witness that he was actually in great peril of his life at that time. The second question is: "What acts, if any, of the defendant were the acts of fear on his part—what did he do?" In connection with this question, as we have seen, the attorney for defendant stated that he proposed to show by the witness "that the defendant was that night in such fear, in fact in fear of his life, and he made such statements to this witness—that he was afraid of his life, and insisted that this witness accompany him to his home, stating that he was fearful they would take his life." This proposed evidence contained in the offer of the attorney was clearly incompetent and immaterial to the issue of insanity. If these fears of defendant were well founded, his conduct in seeking the company and protection of his friend upon his way home that night was evidence of sanity, rather than insanity. If the attorney had followed up his offer with the additional offer to prove that these fears of defendant, to the effect that his life was in great peril, were entirely unfounded—that he was in fact in no danger, no peril—then, possibly, some merit would be found in this contention, but not otherwise. Yet right in this connection, and in regard to the same witness, the record discloses the following:

"District Attorney.—Now, I will ask counsel if he intends to show by this witness that the defendant had any delusions.

"Mr. Taylor.—I will state I do not."

If this fear working upon defendant's mind in no degree partook of the character of a delusion, it was inadmissible as in any way tending to prove insanity.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., Henshaw, J., McFarland, J., Temple, J., and Van Dyke, J., concurred.