Commonwealth v. Lowe.

CASE 29—INDICTMENT AGAINST EDDIE LOWE FOR RAPE.—OCT. 1.

# Commonwealth v. Lowe.

116  335
f125  197

### APPEAL FROM GREEN CIRCUIT COURT.

DEMURRER TO INDICTMENT SUSTAINED AND COMMONWEALTH APPEALS.
REVERSED.

RAPE—INDICTMENT—SCIENTER—DISJUNCTIVES.

Held:  1. An indictment charging that defendant wilfully and felon-
iously had intercourse with a female against her will or consent,
or while she was insensible, or incapable of exercising her will,
a drug having been administered to her, need not allege that he
knew she was incapable of giving consent by reason of the ad-
ministration of a drug.

2. An indictment charging that defendant feloniously had inter-
course with a female against her will or consent, or while she
was insensible or incapable of exercising her will, a drug hav-
ing been administered to her, is not duplicitous, but is proper,
under Criminal Code, section 126, providing that an indictment
must charge but one offense; but if it may have been committed
in different modes, or by different means, the indictment may al-
lege the modes and means in the alternative.

C. J. PRATT, ATTORNEY GENERAL, AND M. R. TODD, FOR APPELLANT.

This indictment was returned under section 1154, Kentucky
Statutes, which reads as follows:

"Whoever shall unlawfully carnally know a female, of and
above twelve years of age, against her will or consent, or by
force, or whilst she is *insensible*, shall be guilty of rape, and
punished by confinement in the penitentiary not less than ten
nor more than twenty years, or by death, in the discretion of
the jury."

We are not advised upon what ground or for what reason the
court below sustained the demurrer to the indictment. This
is an offense created by statute, and the words of the statute
are descriptive of the offense. It has been held in several cases
that where the words of the statute are descriptive of the offense
the indictment should follow the language of the statute, and in
that way describe the offense. (Com. v. Tanner, 5 Bush, 315;
Com. v. Turner, 8 Bush, 1; Davis v. Com., 13 Bush, 318; Sellers
v. Com., 13 Bush, 331.)

It is stated in the indictment that Ethel Paxton was *insensible* at the time appellee had carnal knowledge of her; that she was rendered incapable of exercising her will power and had no self-control because a drug unknown to the grand jury had been administered to her by the appellee. This was certainly a sufficient charge or statement of facts to show that she was "insensible" at the time the offense was committed. It seems to us that all the necessary averments are made to constitute a good indictment under section 1154, Kentucky Statutes. Hence, we respectfully ask that the judgment below be reversed. Wharton's Criminal Pleading, 161; Am. & Eng. Pl., vol. 10, p. 490-538; Com. v. Stout, 7 B. M., 247.

W. T. CANTRELL, FOR APPELLEE.

### AUTHORITIES CITED.

1. The indictment is fatally defective in that it fails to allege that the defendant knew of the alleged condition of the prosecuting witness, or that he knew some drug had been administered to her, and of her incapacity to assent or dissent to the act. 23 Am. & Eng. Ency. of Law, 856, note 1; Clark's Crim. Law, 186; Com. v. Burke, 105 Mass., 376; Roberson's Ky. Crim. Law, 1, vol. 343.

2. The offense must not be stated in the disjunctive, for if the rule were otherwise, it would always be uncertain which of the two accusations is intended. Clark's Crim. Proc., 169; Com. v. Perrigo, 3 Met., 5; Bishop's Crim. Prac., secs. 333, 334.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The question for decision by this court upon this appeal is the sufficiency of the indictment wherein the appellee, Eddie Lowe, is charged with a violation of section 1154 of the Kentucky Statutes of 1899, which reads as follows: "Whoever shall unlawfully carnally know a female, of and above twelve years of age, against her will or consent, or by force, or whilst she is insensible, shall be guilty of rape, and punished by confinement in the penitentiary not less than ten nor more than twenty years, or by death in the discretion of the jury." The indictment reads as follows: "The grand jury of the county of Green, in the name and by the authority of the Commonwealth of Kentucky, ac-

cuse Eddie Lowe of the crime of carnally knowing a female against her will or consent, committed in manner and form as follows, to-wit: The said Eddie Lowe, in the said county of Green, on the 6th day of June, 1902,, and before the finding of the indictment herein, did unlawfully, willfully, and feloniously carnally know a female, to-wit, Miss Ethel Paxton, of and above twelve years of age, against her will or consent, or whilst she was insensible or incapable of exercising her will, some drug to the grand jury unknown having been administered to her, and she being incapable of exercising her will power at the time, and having no self control, contrary to form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky." The trial court sustained a demurrer to this indictment, and the Commonwealth prosecutes this appeal.

It is insisted for appellee upon this appeal that the indictment is fatally defective for two reasons: First, because it does not charge that the defendant knew that the prosecuting witness was insensible, in consequence of a drug having been administered to her; second, that the offense with which he is charged is not stated with sufficient certainty to apprise him of the specific crime for which he is to be prosecuted, in consequence of the use of the disjunctive "or" instead of the conjunctive "and" in the indictment. The certainty required by section 124 of the Criminal Code must be such as will apprise the defendant of the nature of the accusation, and enable him to plead the indictment and the judgment thereon in bar of any subsequent prosecution for the same offense. See Com. v. White, 18 B. Mon., 493; Com. v. Perrigo, 3 Metc., 5. The complaint that the indictment does not charge that the accused knew that Miss Paxton was incapable of giving con-

Commonwealth v. Lowe.

sent .by reason of the administration to her of some drug is not well taken. The gist of the charge against the defendant is that he had wilifully and feloniously had intercourse with Miss Paxton against her will or without her consent; in other words, that he was guilty of the common-law crime of rape. This crime belongs to that class of felonies where the statement of the act necessarily implies a knowledge of its illegality, and where no averment of knowledge or bad intent is necessary. In discussing this question, Mr. Wharton in his Criminal Pleading and Praceice (8th Ed.) says: "Where guilty knowledge is not an essential ingredient of the offense, or where a statement of the act itself necessarily includes a knowledge of the illegality of the act; no averment of knowledge is necessary." To the same effect is 1 Hale, P. C., 561; 2 East, P. C., 51; 1 Chitty, Criminal Law, 242; and Commonwealth v. Stout, etc., 46 Ky., 249. It is otherwise, however, in that class of cases where guilty knowledge is not implied, and is a substantive ingredient of the offense. Thus, in an indictment for selling an obscene book, a scienter is necessary; so an indictment for selling unwholesome water. See Wharton's Criminal Pleading & Practice, section 164, and 10 A. & E. En. of P. & P., 491. The enumeration in the indictment disjunctively of several different means which may have been resorted to by the accused in the commission of the offense seems to be expressly authorized by section 126 of the Criminal Code, which reads as follows: "An indictment, except in the cases mentioned in the next section, must charge but one offense; but if it may have been committed in different modes or by different means, the indictment may allege the modes and means in the alternative." This provision of the Code changes the common-law rule as to alternative allegations in an indictment as to the dif-

ferent modes and means which the accused may have resorted to in the commission of the offense charged.   The indictment only charges the defendant with one offense—that of willfully and feloniously carnally knowing a female above the age of twelve years against her will and consent.   The alternative statements complained of only refer to the modes or means by which he may have accomplished the crime.   It would certainly have been competent to have shown that the woman was incapable of giving consent by reason of the fact that she had been previously drugged, if the indictment had only charged defendant with having carnally known her against her consent.   It follows, therefore, that the indictment under this provision of the Code is not objectionable for duplicity, and that the trial court erred in sustaining the demurrer.   For reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.