[Crim. No. 180.  First Appellate District.—October 29, 1909.]

THE PEOPLE, Respondent, v. WILLIAM HOGAN, THOMAS CONWELL, WILLIAM McLAUGHLIN, and JAMES PURCELL, Charged in the Information as FRANK BROWN, Appellants.

CRIMINAL LAW—EVIDENCE—IMPEACHMENT OF PROSECUTING WITNESS—CONTRADICTORY STATEMENTS—PROPER FOUNDATION ESSENTIAL.—In order that the prosecuting witness may be impeached by statements contradictory to his testimony, it is essential that the defendants' counsel must lay the proper foundation by calling the attention of

the witness to the statements to be proved, and stating the circum-
stances of time, place and persons present.

ID.—IDENTITY OF STATEMENT MUST APPEAR.—When the attention of the
prosecuting witness is called to a statement, it is essential that the
statement sought to be proved was the same statement to which the
attention of the prosecuting witness was called.

ID.—OFFER OF IMPEACHING EVIDENCE—INCLUSION OF IMPROPER MAT-
TER—REJECTION OF WHOLE OFFER SUSTAINED.—Where an offer of
impeaching evidence includes some matter to which the attention of
the prosecuting witness was called, and other matter to which his
attention was not called, the ruling of the court in rejecting the
whole offer will be sustained.

ID.—OFFER OF PROOF—UNSATISFACTORY METHOD OF EVIDENCE.—An offer
of proof, instead of calling the witness, is at best a very loose and
unsatisfactory method of introducing evidence, and certainly when
the offer consists of several propositions, this court must sustain
the ruling rejecting it, if it is correct as to any one of the proposi-
tions offered.

ID.—APPEAL—REVIEW OF ERROR IN EXCLUDING EVIDENCE—DUTY OF
APPELLANT.—It is fundamental that a party relying upon the ex-
clusion of evidence as constituting error upon which he asks to have
the case reversed must clearly show and point out the offered evi-
dence, and that it was competent and material.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from orders deny-
ing to each of the appellants a new trial. Carroll Cook,
Judge.

The facts are stated in the opinion of the court.

A. A. Friedlander, John Koch, and Frank J. Murphy, for
Appellants.

U. S. Webb, Attorney General, for Respondent.

COOPER, P. J.—The defendants were jointly accused by
the information of the crime of robbery. Defendant Hogan
was also charged with two prior convictions of petty larceny,
each under an *alias;* defendant Conwell with a prior convic-
tion of petty larceny and also with a prior conviction of bur-
glary, each under an *alias;* defendant McLaughlin with a
prior conviction of robbery, and defendant Purcell with a

prior conviction of grand larceny, and also with a prior conviction of burglary under an *alias.*

They each pleaded guilty to the prior convictions as charged, but not guilty to the charge of robbery as set forth in the information. They were each found guilty, and this appeal is from the judgment and the orders denying each of their motions for a new trial.

The sufficiency of the evidence to support the verdict is not attacked. No error is claimed as to the instructions in any respect. The only question raised is as to the ruling of the court on certain questions asked for the purpose of impeaching the prosecuting witness Felphes as to certain statements which it is claimed he made at other times contrary to his statement as a witness while on the stand.

Felphes testified on behalf of the prosecution fully as to the circumstances and facts connected with the robbery. In cross-examination no question was asked him as to any statement made by him at any other time or place inconsistent with the testimony he had given. When the attorney for defendant offered evidence as to statements claimed to be inconsistent with the testimony of Felphes, the objection of the district attorney was sustained upon the ground that no proper foundation had been laid by calling the witness' attention to the circumstances of time, place and persons present, as required by the code. The defendants' attorney then called Felphes, not for the purpose of further cross-examination but as his own witness; and upon direct examination, as defendants' own witness, Felphes testified that after he returned to the house where he lived after he had been assaulted and robbed, he did not make "any loud statement in the hallway," and did not say, "I have been robbed in Oakland," nor "tried to wake up Mr. Andros"; nor "in a loud tone of voice ask for a doctor," nor "ask for a policeman." No questions were asked as to the persons present nor as to any person present, nor was the time fixed in any other way than the question concerning when the witness returned to the house after the assault. One Skurs was then called by the defendants' counsel and asked: "Did you hear Felphes make the statement on that morning 'I have been robbed in Oakland'?" The court sustained the objection of the district attorney to this question on the ground that the defendant could not be allowed

to impeach his own witness, and that no proper foundation had been laid, and that the question was incompetent, irrelevant and immaterial. While the court might well have permitted the question in the spirit of liberality which should characterize the trial of one accused of crime, still in our opinion the ruling of the court was not erroneous. When we examine the record closely, we find that there is nothing to show that the statement sought to be proven was the same statement to which the attention of Felphes had been called. The only time referred to was ''on that morning,'' and no place was fixed. It was incumbent on defendants, if they claim error as to the ruling, to show that the statement was the same one to which the attention of Felphes had been called. The matter is certainly not of such serious importance that we can be called upon to presume that the question related to the time to which Felphes referred when he spoke about making no statement in the house after having been assaulted.

No other ruling is assigned as error as to any question tending to impeach Felphes. The attorney for defendants stated that he desired to show after the complaining witness arrived home on the night of the robbery he ''made several statements.'' Upon being asked by the court what he wished to show the defendants' attorney said: ''We desire to show by these witnesses that when this complaining witness arrived at his home at 11 o'clock that night, and not at 1 o'clock, as testified to by him, but at 11 o'clock, he rapped on the door of this man Andros and he cried out, 'I have been robbed in Oakland,' and Andros replied, 'Where, on Pacific street?' and he said, 'No, in Oakland'; and that Andros said to him, 'Go away from my door and don't bother me,' and then he tried another door, and he said to another man at the other door, 'My friend took me to Oakland and left me, and I got robbed in Oakland,' and this was not heard by one but by various different witnesses. One witness Barrett we have made efforts to find, but could not find him.'' The court informed counsel for defendants that he would be compelled under the rules of evidence to sustain the objection of the district attorney to the offered evidence, for the reason, as stated by the court, that the witness was defendants' own witness, and that he would not be allowed to impeach his own witness.

Without basing our ruling upon the reason given by the court, we may support the ruling for other reasons. The offer included many matters to which the attention of Felphes had not been called. We look in vain for anything in the record showing that Felphes had had his attention called to rapping on the door of Andros' room, or to the reply of Andros, or to any statement of Andros or to even the name of Andros; nor is there anything to show that the attention of Felphes was called to trying "another door," or to saying anything about "another man at the other door." It is not necessary to base our conclusion upon the ground that Felphes was called by defendants as their own witness. He could not in any event be impeached by showing that he had made at other times statements inconsistent with the testimony he had just given unless the statements were first related to him, and the circumstances of time, place and persons present stated. Not only is this true, but where an offer is made to prove several things grouped together, and the court refuses to hear the proof, the ruling must be sustained if the proof of any one of the things was inadmissible. An offer to prove instead of calling the witness is at best a very loose and unsatisfactory method of introducing evidence, and certainly when the offer consists of several propositions we must sustain the ruling if correct as to any one of the propositions. (*Bostwick* v. *Mahoney,* 73 Cal. 238, [14 Pac. 832].)

It is fundamental that a party relying upon the exclusion of evidence as constituting error, upon which he asks to have the case reversed, must clearly show and point out the offered evidence, and that it was competent and material.

The judgment and orders are affirmed.

Kerrigan, J., and Hall, J., concurred.