[Crim. No. 135. Second Appellate District.—November 6, 1909.]

## THE PEOPLE, Respondent, v. SANFORD BRENT, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON WITH INTENT TO MURDER—DEFENSE OF INSANITY—EVIDENCE.—Upon the trial of a defendant charged with an assault with a deadly weapon with intent to commit murder, where the defense was insanity of the defendant, evidence of his acts and declarations after as well as before the time of the offense, which tend to show his mental condition at that time, are admissible.

ID.—OBJECTION TO QUESTION NOT SHOWING ON ITS FACE RELEVANCY OR MATERIALITY—STATEMENT OF EXPECTED PROOF REQUIRED.—In order that the court may intelligently rule upon an objection to a question which does not of itself show its relevancy and materiality, it is imperative that counsel should state to the court what is expected to be proved.

ID.—EFFECT OF ABSENCE OF STATEMENT.—Without the statement of what is expected to be proved, in such case, the trial court cannot determine whether the facts sought to be established by the question are pertinent or tend to prove any matter involved in the issues, and this court cannot, in the absence of such statement, determine whether or not the substantial rights of the defendant have been prejudiced by the ruling.

ID.—DISCRETION OF COURT—LAPSE OF TIME BETWEEN CONVERSATIONS AND DATE OF OFFENSE.—If questions were explained by statements of what was intended to be proved, the admissibility thereof, having in view the lapse of time between the conversations and the date of

the tragedy, together with the character of the evidence offered, was very much within the discretion of the court.

ID.—QUESTIONS RELATING TO DISCORDS IN MARRIED LIFE.—Questions as to declarations of the defendant as to his wife's conduct and relations with another man, and the discords connected with his married life, which were not made to appear as reflecting any light upon the mental condition of the accused, and questions asked of the wife on cross-examination, the relevancy of which does not appear, were properly excluded.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Wesley H. Beach, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—The defendant and appellant was accused by the district attorney of Los Angeles county, by information, of the crime of assault with a deadly weapon with intent to commit murder, and his conviction followed. This appeal is from the judgment imposed by reason thereof, and from an order denying a new trial.

The defense chiefly relied upon was insanity. The principal assignments of error relate to the action of the court in sustaining objections to testimony offered by defendant. One witness in behalf of the defense testified that she was a nurse at the hospital of which defendant was a patient; that "he seemed to be laboring under a nervous strain, and it looked as though he had been drinking." The witness was then asked by defendant's counsel if he made any statement regarding the cause of his condition; "what statement he made in relation to his domestic affairs"; "what statement, if any, was made by the defendant at that time regarding any lawsuit pending"; and, again, "what statement, if any, regarding his property." Another witness was asked questions of similar import; while still another who, having seen and conversed with defendant at the hospital, testified: "He was very nervous and absent-minded. Instead of answering

my questions, he would dismiss them from his mind as if he could not comprehend what I had said." Thereupon counsel for defendant asked, "What was the question you asked him?" and, in addition, propounded questions similar to those asked other witnesses, as before stated. All of these witnesses united in an opinion that defendant acted in an irrational manner. The court sustained an objection to the questions relating to what was said by the defendant to these various witnesses.

The proposition advanced by appellant, to the effect that when the mental condition of one at a particular time is in issue, conduct, acts and declarations after, as well as before, the time in question are admissible in evidence, if sufficiently near in point of time, and if they appear to have any tendency to show what that mental condition was, may be accepted. It follows that the questions propounded by defendant, to which objections were sustained, under certain circumstances might have been proper, if they were intended to develop facts the establishment of which would tend to prove insanity. But that a court may intelligently rule upon an objection urged to a question which does not of itself show its relevancy or materiality, it is imperative that counsel should state to the court what is expected to be proven. Without such statement, the court cannot determine whether the facts sought to be established by the question are pertinent or tend to prove any matter involved in the issues, and this court cannot, in the absence of such statements, determine whether or not the substantial rights of the defendant have been prejudiced by the ruling. (*People* v. *Casselman,* 10 Cal. App. 234, [101 Pac. 693]; *People* v. *Ellsworth,* 127 Cal. 596, [60 Pac. 161].) Even had these questions so propounded been followed by statements of what was expected to be proven, the admissibility thereof, having in view the lapse of time between the conversations and the date of the tragedy, together with the character of the evidence offered, was very much within the discretion of the court. (*Estate of McKenna,* 143 Cal. 586, [77 Pac. 461].) The criticism above made applies equally to other questions asked concerning conversations of defendant with other witnesses as to his wife's conduct and relations with another man and the discords connected with his married life. None of these

things was made to appear as reflecting any light upon the mental condition of the accused; nor can it be said that the questions asked the wife on cross-examination of themselves indicated the object sought to be attained, or that any answer thereto would in any wise be competent, relevant or material.

While it may be conceded that the record discloses that the court misapprehended the real object of the questions, and excluded the evidence upon such ground as to develop a misunderstanding of the point involved, yet the occasion of such misunderstanding and misapprehension arose from the omission of defendant to indicate to the court the purpose of the questions and the objects sought to be attained thereby, if, as before stated, such object was to establish the insanity of defendant.

We find no error in the record, and the judgment and order are affirmed.

Taggart, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 6, 1909.