COMMONWEALTH *vs.* MANOOG SHOOSHANIAN.

Worcester.    October 2, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Perjury. Evidence*, Competency: at trial for perjury of alleged perjured testimony, of substance of conversation in foreign language. *Practice, Criminal*, Conduct of trial: offer of proof.

At the trial of an indictment for perjury, alleged to have been committed by the defendant in testifying in his own behalf at the trial of a civil action in which he was the plaintiff, a witness who was present at the trial of the civil action can be allowed to testify to the material portion of the testimony of the defendant given at that trial, although he is not able to state in substance all of the testimony given by the defendant in his own behalf in the civil action. In the present case it did not appear that the witness did not remember the whole of the portion of the defendant's testimony which was alleged to be perjured, but it was intimated that in a prosecution for perjury a witness who remembers distinctly a part of the alleged perjured testimony may be allowed to testify

to that part although he does not remember all of the testimony of the defendant on the subject in question, leaving the other parts of the alleged perjured testimony to be proved by other witnesses.

In this Commonwealth a witness in a criminal case may be allowed to state in English the substance of a conversation which he had with the defendant in a foreign language.

Where at the trial of a criminal case the defendant makes an offer of proof, containing various matters which are clearly too remote to be admissible, the presiding judge properly may exclude the evidence, thus offered as a whole, without separating it into parts and passing upon the admissibility of each part separately.

INDICTMENT FOR PERJURY, found and returned on August 17, 1910, charging that the defendant at Worcester on June 23, 1909, at the trial of a civil action brought by the defendant against one Manoog H. Shooshanian, was sworn as a witness and wilfully testified falsely, upon a material issue, that Manoog H. Shooshanian owed him the sum of $250.

In the Superior Court the defendant was tried before *Fox*, J.

The Commonwealth called as a witness Manoog H. Shooshanian, who was the defendant in the civil case referred to. It appeared that he was present at the trial of that case and heard the present defendant, who was the plaintiff in that case, testify as a witness therein in his own behalf. It appeared that the witness Manoog H. was not able to state, and did not undertake to be able to state, in substance and effect, all of the testimony given by the present defendant in his own behalf in the trial of the civil case. Whereupon the counsel for the present defendant objected to the witness Manoog H. testifying unless he was able to give all of the testimony of the present defendant in the trial of the civil case in substance and effect. Against the objections and exceptions of the defendant, the witness was allowed to testify and did testify as to two questions, only, which were asked and answered by the present defendant as the plaintiff in the civil trial.

The questions which the witness was asked and answered were as follows: " Q. Was he (this defendant) asked how much you owed him? A. Yes, and he said that I owed him $250. Q. Was he asked if you (the witness Manoog H. testifying) had paid him (this defendant) anything? A. Yes, and he said I had not paid him any of the $250."

The witness Manoog H. was an Armenian who spoke English.

The defendant Manoog was an Armenian and testified in Armenian. The Commonwealth did not, before calling the witness Manoog H., nor at any time during the trial, call the interpreter who interpreted the testimony of the plaintiff in the civil trial, the defendant in this case, nor the stenographer who took the evidence at such civil trial, nor was their absence in any way accounted for.

The counsel for the defendant, after the witness Manoog H. had so testified, moved that all of that portion of this testimony in which he attempted to repeat what the defendant had testified to at the trial of the civil case be stricken from the record. This motion was made on the ground that the witness had not given nor undertaken to give in substance and effect all of the testimony of this defendant in the trial of the civil case. The judge denied the motion, and the defendant excepted.

Later in the trial the defendant took the stand in his own behalf, and, being then examined through an interpreter, was asked on cross-examination by the district attorney and answered as follows: Q. "Now did you say in answer to a question by Mr. McMahon, 'How much does he owe you now,' to which you reply '$250.' Did Mr. McMahon ask you that question, and did you make that reply?" A. "The time when he got the judgment against him?" Q. "Yes." A. "Yes, he did."

The Commonwealth later called one Jacob Ashjian as a witness. It appeared that on February 12, 1910, Ashjian was coming on a train from Boston to Worcester with the defendant, and that he and the defendant were talking about the trial of the civil case which had taken place on June 23 and 24, 1909. It further appeared that both Ashjian and the defendant were Armenians, and that this conversation between the witness Ashjian and the defendant was entirely in the Armenian language; that the defendant could neither speak nor understand English intelligently; and that during the trial of this indictment against him an interpreter was used when the defendant was giving his testimony. This appearing, the witness Ashjian was asked the following question by the district attorney: "Q. Now, Ashjian, begin at the beginning and tell the conversation. Start from the time you got on the train and began to talk with Manoog (meaning the defendant) and tell the

talk you had there on the train." The counsel for the defendant objected upon the following grounds: "That when the witness comes to that part of the conversation which he had with the defendant, which the Government claims is an admission by the defendant that his testimony given at the trial of the civil case was false testimony,—my point is that that must be given in the Armenian language; that this man cannot be his own interpreter of it, nor the defendant held by his interpretation; and if it is given in the English language, if your honor allows it, will you allow my exceptions to be noted and saved?" The witness then was allowed to answer the question.

The defendant also excepted to the exclusion by the judge of evidence offered by the defendant of certain proceedings on the part of the witness Manoog H. Shooshanian. The defendant's offer of proof in regard to this matter is described in the opinion.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*M. M. Taylor*, for the defendant.

*J. A. Stiles*, District Attorney, (*E. T. Esty*, Assistant District Attorney with him,) for the Commonwealth.

HAMMOND, J. 1. The evidence of the witness Manoog H. Shooshanian was properly admitted. It was not necessary that he should have been able to state "all of the testimony given by this defendant in his own behalf in the trial of the aforesaid civil case." It was, to say the least, sufficient for the witness to be able to remember all the defendant said on the particular point to which the witness testified. *Rex* v. *Rowley*, 1 Moody, C. C. 111. See also remarks of Shaw, C. J., in *Warren* v. *Nichols*, 6 Met. 261, 267. It did not appear that the witness did not thus remember. We do not mean to intimate however that in a prosecution for perjury a witness who remembers distinctly a part of the alleged perjured testimony must be excluded because he does not remember all that was said on that point. Doubtless the defendant is entitled to have shown all the testimony given by himself on the point, but it would seem to be sufficient generally if this was shown by means of various witnesses each remembering only a part, and the parts constituting the whole.

See for an extended discussion of this branch of the law Wigmore on Ev. §§ 2099, 2100.

2. There was no error in permitting the witness Ashjian to state in English the substance of the conversation between him and the defendant held in a foreign language. " The narration, in English, . . . was covered by his oath as a witness. It is only when testimony, given in a foreign tongue, requires translation in court, that an interpreter is sworn specially for that purpose." *Commonwealth* v. *Kepper*, 114 Mass. 278. Such is the well settled practice in this Commonwealth, whatever may be the practice elsewhere.

3. The offer of proof of certain proceedings on the part of the witness M. H. Shooshanian as tending to show that he had attempted to intimidate the defendant was rightly rejected. The offer was to show these acts as a connected whole. Certainly the facts that the witness had given a bond in the equity proceeding brought to enforce the civil judgment against him, that he then made a complaint to the district court charging Peter Yajian with subornation of perjury in the original action, that he sought a review of the original action upon the ground of perjury and that there was subsequently a suit of Simon Shooshanian against the witness were too remote; and, the offer being made as a whole, the court of its own motion was not bound to separate it into parts and pass upon each part separately.

The offer was not to show bias or animosity on the part of the witness, and the defendant was not precluded from offering any of these facts singly to show such bias or animosity and to obtain the ruling of the court thereon.

*Exceptions overruled.*