[Criminal No. 497.  Filed February 17, 1921.]

[195 Pac. 533.]

# CLARENCE SAGE, Appellant, v. STATE, Respondent.

1. INDICTMENT AND INFORMATION—INFORMATION FOR STATUTORY RAPE HELD NOT DEMURRABLE FOR INCLUDING MORE THAN ONE OFFENSE. An information alleging that defendants willfully made an assault on prosecutrix and administered intoxicating liquors which rendered her incapable of resistance and by threats of bodily harm accomplished with her an act of sexual intercourse, the said prosecutrix being under eighteen years of age, *held* not demurrable under Penal Code of 1913, section 938, though three of the six different instances of sexual intercourse made rape by section 231 of the Code, are covered by the information, and the information will be construed as charging statutory rape accomplished by the means alleged, since information may charge in a single count the commission of the offense in any or by conjunctive allegations, in all of the enumerated and not inconsistent ways.

2. RAPE—TESTIMONY AS TO COMPLAINT MADE BY PROSECUTRIX HELD PROPER.—In prosecution for statutory rape, testimony of witness that prosecutrix made complaint to him, and that the names of three of the assaulting parties were told him by prosecutrix and he guessed the name of the fourth from description given, *held* not objectionable where court sustained objection to term "assaulting parties" and struck out reference to fourth party whose name was not given.

3. RAPE—WITNESSES—SPECIFIC ACTS OF UNCHASTITY OF PROSECUTRIX NOT ADMISSIBLE.—In prosecution for statutory rape, evidence of specific acts of similar unchaste conduct of prosecutrix with men other than accused, or that she formerly lived in a house of prostitution, is inadmissible to show consent or as bearing on credibility of her testimony.

4. CRIMINAL LAW—GENERAL OFFER OF TESTIMONY HELD NOT SUSTAINABLE ON APPEAL, ON SPECIFIC GROUND.—In prosecution for statutory rape, exclusion of general offer of testimony that prosecutrix lived in a house of prostitution as inadmissible to prove consent or impeach her credibility cannot be urged as error on ground first made on appeal that testimony was admissible to rebut unlawful conspiracy alleged.

5. CRIMINAL LAW—GENERAL OFFER OF TESTIMONY INSUFFICIENT IF INADMISSIBLE ON ANY GROUND.—Where an offer is made to prove several things grouped together and the court refuses to hear the

proof, the ruling will be sustained if the proof of any one of the things was inadmissible.

6. CRIMINAL LAW—WHETHER IMPROPER ARGUMENT INFLUENCED VERDICT MUST BE LEFT TO DISCRETION OF TRIAL COURT.—Ordinarily question whether argument of prosecuting officer is so inflammatory and violent as to have influenced the verdict must be left to sound discretion of court on motion for a new trial.

7. CRIMINAL LAW—IMPROPER ARGUMENT TO BE REVERSIBLE ERROR MUST BE PREJUDICIAL.—Courts of last resort will interfere by granting a new trial only in a case where the prosecutor has clearly departed from the evidence and line of legitimate argument to the evident prejudice of the defendant.

8. CRIMINAL LAW—CONVICTION SUSTAINED BY EVIDENCE CONCLUSIVE.—Where, in a prosecution for statutory rape, the testimony of prosecutrix that accused had intercourse with her was not contradicted and it was clearly shown she was under age of consent, appellate court cannot interfere with conviction.

9. CRIMINAL LAW—NO REVERSAL FOR SEVERITY OF SENTENCE.—On appeal from conviction of statutory rape, the court is not authorized to reverse for severity of sentence.

APPEAL from a judgment of the Superior Court of the County of Yavapai. A. C. Lockwood, Judge. Affirmed.

Messrs. Bullard & Jacobs, Mr. P. M. Ling, Mr. F. L. Haworth, Mr. Geo. B. Thatcher, and Mr. P. A. McCarran, for Appellant.

The Attorney General, Mr. Louis J. Hart, Assistant Attorney General, and Mr. Neil C. Clark, County Attorney, for the State.

BAKER, J.—Clarence Sage, Fred Woods, R. P. Giles, and George Floyd were jointly informed against for the crime of rápe, alleged to have been committed upon Alverda Florence Schendel, a female, under the age of eighteen years. The defendant Sage was granted a separate trial and was convicted of the crime. From the judgment of conviction and the order denying his motion for a new trial, he appeals to this court.

The material testimony in the case is in substance this: The prosecutrix, Alverda Florence Schendel, testified that at the time charged her age was seventeen years and two months, and that she was a married woman, but living separate and apart from her husband, Marion Schendel, who had deserted her. That on the night of January 5, 1920, she was occupying a room as a guest at the Sullivan Hotel, in Jerome, Arizona. That on that night two police officers of Jerome, Giles and Floyd came to her room and informed her that she was under arrest and ordered her to accompany them to the police station, as the police officers testified, to secure a statement from her. On the way to the police station they met Woods, who asked, "What was the matter?" Sage came up about that time and told Giles and Floyd that there was trouble at a Mexican's, by the name of Verilla, and that they had better look into it. The two officers, Giles and Floyd, then left to go to Verilla's. Sage and Woods then took the prosecutrix to an apartment occupied by Sage, and there, in Sage's room, they compelled the prosecutrix to drink a quantity of whiskey. The whiskey caused the prosecutrix to become sick and stupefied. Sage and Woods took off her clothes and undressed themselves, and each had sexual intercourse with the prosecutrix several times during the night. Early the next morning the prosecutrix was let out of Sage's room and she returned to the Sullivan Hotel. That day the prosecutrix made complaint of the occurrence of the night before to one Wykoff, who seems to have been acting as her attorney. The police officers, Giles and Floyd, gave testimony contradicting the prosecutrix in some particulars, respecting the circumstances of her arrest and explaining the reasons why they arrested the prosecutrix. Neither Sage nor Woods testified as witnesses in the case.

It is not claimed that the evidence is insufficient to support the verdict, but reliance is had for reversal of the judgment of conviction upon certain alleged errors of the trial court, some of which we shall notice without reference to the order in which they are presented in the brief of counsel for the defendant. Those not discussed are regarded by us as being of no importance or significance.

The first assignment of error to which our attention will be directed is predicated upon the action of the court in overruling the defendant's demurrer to the information filed in the case. The demurrer is based upon the proposition that the information is fatally defective because it charges more than one, offense. It is true that if an information charges more than one offense it is subject to demurrer upon that ground. Penal Code, par. 938. The question then is: Does the information in this case charge two offenses? We do not think so. It is alleged that—

The defendants [Sage, Woods, Giles, Floyd] "did . . . willfully, forcibly, violently, unlawfully and feloniously, make an assault upon one Alverda Florence Schendel, and did then and there administer to her, the said Alverda Florence Schendel, intoxicating and narcotic liquors, which produced in her the said Alverda Florence Schendel, a stupor and weakness that rendered her incapable of resistance, and by threats of great and immediate bodily harm, accompanied by apparent power of execution, the said Clarence Sage, Fred Woods, R. P. Giles and George Floyd, did . . . in the manner, and by the means aforesaid, willfully, forcibly, unlawfully and feloniously ravish, carnally know, perform and accomplish with her, the said Alverda Florence Schendel, an act of sexual intercourse, against her will and resistance and without her consent, she the said Alverda Florence Schendel, . . . being a female under the age of eighteen years and who was not . . . the wife of said Clarence Sage, Fred Woods, R. P. Giles, George Floyd, or either of them."

The statute (section 231, Penal Code 1913) prescribes six different instances of sexual intercourse with a female, not the wife of the perpetrator, either of which amounts to rape, three of which instances, it will be noticed, are covered by the information in this case:

"(1) Where the female is under the age of eighteen years, . . . (3) Where she resists, but her resistance is overcome by force or violence. (4) Where she is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution, or by any intoxicating, narcotic, or anæsthetic substance, administered by or with the privity of the accused."

As we read the statute it enumerates a series of acts, either of which separately, or all together, so far as they are not in their nature inconsistent, constitutes the single offense of rape, and it is well settled that the information may charge in a single count the commission of the offense in any, or by conjunctive allegations in all, of the enumerated and not inconsistent ways.

In Bishop's New Criminal Procedure (second edition, volume 1, page 354, section 436) the rule is clearly and forcibly stated as follows:

"A statute often makes punishable the doing of one thing or another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or,' and it will not be double, and it will be established at the trial by proof of any one of them."

The rule is thus stated in Ency. of Pl. & Pr., volume 10, page 536:

"When a statute enumerates several acts in the alternative, the doing of any of which is subjected to the same punishment, all of such acts may be charged cumulatively as one offense. And where the statute provides in the alternative several means by which the offense may be committed, or where the intent or purpose is set out in several aspects disjunctively, they may all be charged in setting out one and the same offense."

The text is abundantly supported by the decided cases. In *State* v. *Adams,* 41 Wash. 552, 83 Pac. 1108, the information charged that—

The defendant "did unlawfully, feloniously and forcibly, and against her will, ravish and carnally know, Maud Stephey then and there being a female child under the age of eighteen years, to wit, of the age of seventeen years."

The Supreme Court of Washington, in reversing a judgment sustaining a demurrer to the information, on the ground that it charged more than one offense, said:

"The statute defines but one crime and prescribes but one penalty therefor. Where a statute provides that a crime may be committed in different ways or by different means, the act constitutes but a single offense, whether one or all of the ways and means be employed in its commission, and it is proper to charge in an information that the crime was committed in one of the ways or by one of the means specified in the statute, or in all the ways and by all the means conjunctively."

In *People* v. *Gusti,* 113 Cal. 177, 45 Pac. 263, the court said:

"It is a well-settled rule of law that 'when a statute enunciates a series of acts, either of which separately or all together may constitute the offense, all

of such acts may be charged in a single count, for the reason that notwithstanding that each act may, by itself, constitute the offense, all of them together do no more, and likewise constitute but one and the same offense.'"

The same principle is announced in the following cases: *State* v. *Meyerkamp*, 82 Wash. 607, 144 Pac. 942; *People* v. *O'Brien*, 130 Cal. 1, 62 Pac. 297; *Fahnestock* v. *State*, 102 Ind. 156, 1 N. E. 372; *State* v. *Hann*, 73 Minn. 140, 76 N. W. 33; *Commonwealth* v. *Lowe*, 116 Ky. 335, 76 S. W. 119; *Cooper* v. *State*, 22 Tex. App. 419, 3 S. W. 334.

We construe the information in the present case as charging a single offense, namely, statutory rape, alleged to have been committed upon the prosecutrix by overcoming her resistance by the means and ways enumerated in the statute, i. e., by force and use of intoxicating liquor and by threats and fears. The means and ways alleged to have been employed by the defendant in the commission of the alleged offense are not inconsistent or repugnant. They may all exist in a case of statutory rape, and if the evidence of the prosecutrix is true, at least two of the means or ways did exist in the present case. But one offense is denounced by the statute and only one punishment is prescribed. We do not think that there was any error in overruling the demurrer.

The defendant excepts to a question asked the witness Wykoff. The question objected to was as follows: "You may state briefly, without going into details, what complaint was made." The defendant objected to the question, but his objection was overruled; the court saying to the witness: "You may state what the complaint was, but avoid all details of any nature." The witness answered: "The complaint was made of an assault upon her that morning. May I state the names given of the assaulting par-

ties?'' The court said: ''The objection will be over-ruled to the names, but the remark 'assaulting parties' is objectionable.'' Thereupon the witness further answered: ''The parties complained of were Mr. Woods, Mr. Giles, and Mr. Floyd and giving a description of Mr. Sage, from which I was able to guess the name of the fourth.'' The court: ''The last part will be stricken.''. The rule undoubtedly is that the state may show in corroboration of the testimony of the assaulted female that she shortly after the outrage upon her, made complaint of such occurrence, but such testimony is confined to the bare fact of complaint, and details · of the occurrence or the identity of the person accused is not admissible. 2 Wigmore on Evidence, par. 1136. Such testimony is admissible in corroboration of the assaulted female, regardless of the question of consent. *State* v. *Gile,* 93 Vt. 142, 106 Atl. 829. We do not think the rule was violated in the instance referred to. The court was careful to admonish the witness to confine himself to the bare statement that complaint was made. He was cautioned not to give the details. The witness, however, in his answer stated that such a description of one of the offending parties was given in the complaint that he was able to guess that it was the defendant. This statement was promptly stricken. We find no error here.

The defendant complains of the ruling of the court refusing to permit the prosecutrix, while she was upon the stand as a witness, to be cross-examined relative to former alleged acts of unchastity by her and as to whether or not she had formerly lived in houses of prostitution. Aside from any question as to whether the interrogatories propounded to the prosecutrix were proper cross-examination, we are convinced that the objection of counsel for the state, to the testimony sought to be elicited, was properly

sustained. Under the statutes of this state it is rape to carnally know a female under the age of eighteen years either with, or without, her consent, and no evidence of specific acts of similar unchaste conduct with men other than the accused, or that she formerly lived in a house of prostitution, is admissible to show consent or as bearing upon the credibility of her testimony. In *People* v. *Chin Hane,* 108 Cal. 597, 41 Pac. 697, it is said:

"The witness Ah Wah testified that she was the wife of the deceased. . . . The defense attempted to prove that she had been an inmate of a house of prostitution. The evidence was inadmissible. Such matters were entirely collateral, and her veracity could not be impeached in that way."

To the same effect are the cases: *State* v. *Rash,* 27 S. D. 185, Ann. Cas. 1913D, 656, 130 N. W. 91; *State* v. *Fournier,* 68 Vt. 262, 35 Atl. 178; *State* v. *Hobgood,* 46 La. Ann. 855, 15 South. 406.

In the case of *People* v. *Johnson,* 106 Cal. 289, 39 Pac. 622, the court said:

"The prosecuting witness is under the age of consent, and for this reason evidence either of general reputation or specific acts would seem to be immaterial. This class of evidence is admissible for the purpose of tending to show the nonprobability of resistance upon the part of the prosecutrix. For it is certainly more probable that a woman who has done these things voluntarily in the past would be much more likely to consent, than one whose past reputation was without blemish, and whose personal conduct could not truthfully be assailed. In other words, this class of evidence goes to the question of consent only and in a case like the present the question of consent is not involved. . . . Sound reason declares that such a necessity must be the rule. If this class of evidence was admissible as going to the credibility of the testimony of the prosecutrix in its entirety, then it would be equally admissible as

against the veracity of any female who might be called upon to give evidence in a case. Yet no such principle is recognized anywhere."

In *People* v. *Abbott,* 97 Mich. 484, 37 Am. St. Rep. 360, 56 N. W. 862, an identically similar issue was presented; the court in that case saying:

"The ruling of the court in the present case excluded the inquiry as to whether she had had sexual intercourse with other men prior to that time, and was correct for the reasons given in *People* v. *Glover, supra.* . . . The court was not in error in excluding the evidence. . . . If the girl had been of the age of consent, it might be competent to admit evidence of her general reputation for chastity, as bearing upon the probability of her story, but specific acts of unchastity could not be inquired into. . . . But here the law conclusively presumes that the girl could not give her consent, and every act of intercourse with her would be a crime committed against her, and such acts could not, therefore, affect her credibility."

The proposition is too firmly established to be disputed that in trials for the crime of statutory rape the question of the chastity of the prosecutrix is entirely immaterial either to prove her consent or to impeach her credibility. Courts are virtually in accord upon the question. *Plunkett* v. *State,* 72 Ark. 409, 82 S. W. 845; *People* v. *Benc,* 130 Cal. 159, 62 Pac. 404; *People* v. *Harlan,* 133 Cal. 16, 65 Pac. 9; *State* v. *Anthony,* 6 Idaho, 383, 55 Pac. 884; *State* v. *Blackburn* (Iowa), 110 N. W. 275; *People* v. *Glover,* 71 Mich. 303, 38 N. W. 874; *State* v. *Whitesell,* 142 Mo. 467, 44 S. W. 332; *State* v. *Hilberg,* 22 Utah, 27, 61 Pac. 215.

The defendant contends that the testimony relative to the character of the prosecutrix for chastity was admissible for the purpose of rebutting the testimony of the state tending to show that the defendant and his codefendants conspired to arrest the prosecutrix

in the Sullivan Hotel and deliver her to the defendant that he might accomplish sexual intercourse with the prosecutrix. It is argued that such testimony would tend to show that Giles and Floyd, as police officers, went to the room of the prosecutrix in the hotel for a lawful purpose—to arrest her for a violation of the ordinance against prostitution, and hence would tend to rebut any unlawful conspiracy. In making the offer of such testimony as defensive matter, the defendant did not state to the court the purpose of the testimony. He states the purpose of the testimony for the first time in this court. It was the imperative duty of counsel for the defendant to point out the relevancy of the testimony to the trial court, and, having failed to do so, he cannot predicate error upon the ruling rejecting the offer. *McConnell* v. *State,* 13 Ala. App. 79, 69 South. 333; *People* v. *Brent,* 11 Cal. App. 674, 106 Pac. 110; *People* v. *Wong Loung,* 159 Cal. 520, 114 Pac. 829. The offer was also objectionable because it grouped several things together, some of which were plainly inadmissible. The rule is that where an offer is made to prove several things grouped together, and the court refuses to hear the proof, the ruling will be sustained if the proof of any one of the things was inadmissible. It is not the duty of the court, in a criminal case, to separate admissible from inadmissible evidence when embraced in a single offer. *People* v. *Hogan,* 11 Cal. App. 599, 105 Pac. 938; *Huntington* v. *United States,* 175 Fed. 950, 99 C. C. A. 440; *Commonwealth* v. *Shooshanian,* 210 Mass. 123, Ann. Cas. 1912C, 1073, 96 N. E. 70.

Error is assigned upon the statements of the prosecuting officer, made in his argument to the jury. It will serve no useful purpose to outline the argument, as it appears in the record. Sufficient to say that it is perilously near the line of reversible error and it is couched in language which does not meet with our

approval and does not display the good taste that should actuate a prosecuting officer in presenting a criminal case to a jury. But courts seldom reverse convictions in criminal cases for the language of the prosecutor in denouncing the conduct of the defendant, when such language is based upon any fact in the record. Ordinarily the question whether the argument is so inflammatory and violent as to have influenced the verdict of the jury must be left to the sound discretion of the trial court on motion for a new trial who hears the entire argument of counsel and can better judge of its pernicious effects, if any. Courts of last resort will interfere by granting a new trial only in a case where the prosecutor has clearly departed from the evidence and the line of legitimate argument to the evident prejudice of the defendant. We are not fully convinced that the impassioned and heated argument made by the prosecutor was a potent factor in bringing about the verdict of guilty, and for this reason we would not be justified in reversing the judgment.

We find no reversible error in the charge of the court to the jury. The woman alleged to have been raped testified positively that the accused had carnal knowledge of her at the time charged in the information. Her testimony in that respect was not controverted. It was clearly shown that she was under the age of consent. There was, therefore, evidence, if credible, to warrant the verdict, and of course the credibility of the woman was wholly a question for the jury. We cannot interfere with the verdict. Nor are we authorized to reverse because of the severity of the sentence.

The judgment of conviction must be affirmed.

ROSS, C. J., and McALISTER, J., concur.