## Picklesimer v. Commonwealth.

(Decided May 8, 1928.)

### Appeal from Floyd Circuit Court.

1. **Criminal Law.**—Where evidence is conflicting and it cannot be said that verdict of jury is palpably against evidence appellate court will not disturb verdict simply because jury believed one set of witnesses rather than another, since credibility of witnesses is for jury.

2. Criminal Law.—Jury's unanimous conclusion may not be disturbed by appellate court unless it is palpably against evidence and must have been result of mistake or passion.

3. Homicide.—In prosecution for manslaughter evidence held to sustain conviction.

T. J. ARNETT and H. H. RAMEY for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The facts of this case are fully stated in the opinion on the former appeal of Picklesimer v. Commonwealth, 217 Ky. 608, 290 S. W. 498. On the return of the case to the circuit court it was tried again. The defendant was found guilty of manslaughter, and his punishment was fixed at four years' imprisonment. He appeals.

There is no complaint of any error of the court in the admission or rejection of evidence or in instructing the jury. The only ground of reversal relied on is that the verdict of the jury is palpably against the evidence. The evidence on the last trial was practically the same as on the first trial, except that the court admitted evidence for the defendant which had been excluded on the first trial. The exclusion of this evidence was the only ground for the reversal of the judgment. Two juries have reached the same conclusion, in substance.

While the evidence is conflicting, it cannot be said that the verdict of the jury is palpably against the evidence. The credibility of the witnesses was for the jury, and this court will not disturb the verdict simply because the jury believed one set of witnesses rather than another. The jury know local conditions. They see and hear the witnesses. Much that goes to the credit of a witness may not be exhibited by a transcript of his testimony. A jury composed of twelve men, selected from the different walks of life, sitting together, seeing and hearing the witnesses, is the best tribunal the law has been able to establish for the trial of questions of fact in a case like this. Their unanimous conclusion cannot be disturbed here, unless it is palpably against the evidence and must have been the result of mistake or passion. That is not the case here. There was no ill feeling be-

tween the father and the son's wife. There was some evidence that the father was in a quarrel with the son's wife, and the son insists that he shot his father to protect his wife; but the circumstances sustain the jury in concluding that all he had to do, so far as was necessary, was to get between his father and his wife, and the shooting of his father was unnecessary.

Judgment affirmed.