## Neeley v. Commonwealth.

(Decided November 14, 1930.)

LEEBERN ALLEN and E. B. ARNETT for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

The appellant Earnie Neeley and Frank Johnson were jointly indicted by the grand jury of Magoffin county for the crime of murder. Upon the trial of appellant, Earnie Neeley, he alone being on trial before a jury in the circuit court of Magoffin county, was found guilty of manslaughter and his punishment fixed at ten years in the penitentiary. From this judgment this appeal is prosecuted. It is contended: (1) That the trial court should have instructed the jury to find the defendant not guilty. (2) because the verdict of the jury is flagrantly against the law and the evidence, and (3) that since the verdict he has discovered important evidence in his favor. The record discloses without contradiction that one night,

shortly before dark, the appellant and his codefendant, Frank Johnson, were walking along together and about twenty steps behind them Nelson Hale was riding on horseback. Mrs. Cynthia Whitaker testifies that they passed near where she was milking, and just as they passed the appellant said "I will kill the s— o— b——." It was also shown by testimony of Wilse Shepherd that the appellant and his codefendant Frank Johnson and Nelson Hale passed his house late in the afternoon traveling together. They had a can and it looked like they were drinking out of it, and Neeley and Johnson handed Nelson Hale the can. He further testified that he heard a fuss that night a little after dark and some fellow went to coughing like he was strangled. He also heard a splash in the water like a horse walking in the water; however, he did not recognize any of the voices. The next morning the dead body of Nelson Hale was found in the Licking river. His right underjaw was crushed and his neck was unjointed. At the point where his body was found, Licking river is only a small stream. The body of the decedent, Nelson Hale, was partly out of the water; he was lying face downward, his head in about nine inches of water. The record further shows that no water could be forced from his lungs and that his death resulted from his injuries and not from drowning. The main evidence connecting appellant with the death of Nelson Hale was the testimony of Dora Neeley. A part of her testimony is as follows:

"She asked the appellant why he talked to Mollie Shepherd and told her certain things about the death of Nelson Hale and then the following questions were asked her:

"Q. What did he say? A. He said he held his hands behind him and Frank Johnson twisted his neck into.

"Q. He told you that? A. That is what he was telling me.

"Q. Tell the jury what this man said to you about that? A. He said that he told her that he held his hands behind him crossed and that Frank Johnson twisted his head until his neck cracked."

The appellant denied that he told Dora Neeley this, and also said that the remark which he made in the presence of Mrs. Whitaker that he would kill the s—— o——

b—— was made in reference to a dog. Mrs. Whitaker, however, denied that any dog was there. It was further shown by the testimony of Aggie Riffe that shortly after the death of Nelson Hale she heard the codefendant, Frank Johnson, tell the appellant, Earnie Neeley, "that he come down the Big Branch the first time since we killed Nelse Hale." This conversation, however, is denied by appellant. The law is well settled in this jurisdiction that this court will not disturb the verdict of a properly instructed jury unless it is flagrantly against the evidence. Kirk v. Commonwealth, 192 Ky. 460, 233 S. W. 1060; Picklesimer v. Commonwealth, 224 Ky. 381, 6 S. W. (2d) 457. From a careful examination of the entire record in this case, we are of the opinion that the verdict of the jury is not flagrantly against the evidence, and the judgment of the trial court should not be disturbed.

The only question raised as to the competency of evidence relates to the testimony of Dora Neeley, and inasmuch as that testimony was relating to an admission made to her by the defendant, the evidence was clearly competent. The only other ground relied on by appellant is that of newly discovered evidence. The record does not disclose that appellant used any diligence at all in securing this testimony. The appellant alleges no facts from which the court could determine whether any diligence had been exercised. In the case of Duckwall v. Commonwealth, 204 Ky. 442, 264 S. W. 1062, 1063, this court said:

> "To justify the granting of a new trial for newly discovered evidence, it should affirmatively appear from the affidavit that the accused used reasonable diligence to obtain the evidence at the time of the trial; and to this end it is not sufficient merely to allege that such diligence was exercised, but the accused should go further and allege facts from which the court may determine whether such diligence was exercised. Mullins v. Commonwealth, 185 Ky. 326, 215 S. W. 56; Bell v. Commonwealth, 202 Ky. 163, 259 S. W. 29."

From an examination of the entire record, we are of opinion that the trial court committed no error prejudicial to the substantial rights of appellant, and the judgment is therefore affirmed.